UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HALLMARK INSURANCE COMPANY,

    Plaintiff,

v.                                                        CASE NO. 8:21-cv-1951-WFJ-AEP

MAIN LINE JET, LLC,
WILLIAM J. STROWHOUER JR. D.O., P.C.,
and WILLIAM J. STROWHOUER JR.,

    Defendants,

&

TEXTRON AVIATION, INC.,

    Third-Party Defendant.
_____/

## **ORDER**

Before the Court is Plaintiff's motion to dismiss the Defendants' counterclaim (Dkt. 17) against it, and the Defendants' response in opposition (Dkt. 26). After hearing argument of counsel this day and carefully considering the allegations of the counterclaim (Dkt. 12 at 9–12), the Court concludes the motion is due to be denied.

Plaintiff sues Defendants for a declaration of no coverage concerning the insurance policy on the subject damaged aircraft. Dkt. 1. Defendants responded with a counterclaim seeking against Plaintiff (1) a declaration that the insurance

policy covers the injuries and damage to the subject aircraft as an "accident" under the terms of the policy, and (2) damages for bad-faith claim practices in the denial of coverage without any reasonable basis. Assuming the allegations as true and construing them in the light most favorable to Defendants, the aircraft was damaged at some point after maintenance repairs were made in 2019 before the policy expired. Defendants made a claim in 2021 when they became aware of the damage. Plaintiff denied the claim.

Precisely how the plainly valuable chattel here was rendered in disrepair is unknown without proceeding with discovery. Because Plaintiff's motion to dismiss is based upon the consideration of guesswork concerning the injury and damage, dismissal without the opportunity for discovery would be inappropriate in this case. The Court finds (1) the declaratory relief count adequately states a plausible claim for relief beyond the speculative level and (2) the precise facts surrounding the injury and damage are best left for factual development through the discovery process.

Concerning the second count, although the policy does not contain a choice-of-law provision, the parties agree that Pennsylvania law applies under Florida's choice-of-law rules in diversity jurisdiction. Counsel further contends that Pennsylvania law differs from Florida law in that first-party statutory bad-faith

2

claims are not required to be stayed, abated, or dismissed. Consequently, the second count of the counterclaim alleging bad-faith practices may proceed.

Accordingly, Plaintiff's motion to dismiss the counterclaim (Dkt. 17) is denied. Plaintiff shall file its answer and defenses to the counterclaim within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on January 12, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record